UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ERRICK E. GILMORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 3:09-CR-27-TWP-HBG-1 |
| | ) | 3:16-CV-640-TWP |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docs. 76]. He requests collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*].1 The United States responded in opposition on December 2, 2016 [Doc. 79]. Petitioner did not reply and the time for doing so has now has lapsed. E.D. Tenn. L.R. 7.1, 7.2. For the reasons below, Petitioner's § 2255 motion will be **DENIED** and **DISMISSED WITH PREJUDICE**.

I. BACKGROUND

On December 31, 2008, Petitioner and an accomplice went through the drive-thru of a Burger King, pointed a shot-gun at the drive-thru employee, demanded cash, and then fled once they obtained the money [Doc. 51 ¶ 4]. He was subsequently caught and pled guilty to committing Hobbs Act robbery, in violation of 18 U.S.C. § 1951; using, carrying, and brandishing a firearm during and in relation to that robbery, in violation of 18 U.S.C. § 924(c); and possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) [*Id.* ¶ 1]. In his plea agreement, Petitioner "knowingly and voluntarily waive[d] the right to file any motions or pleadings pursuant to 28

U.S.C. § 2255," with the exception of petitions raising "claims of ineffective assistance of counsel or prosecutorial misconduct" [*Id.* ¶ 10(b)].

Based on prior Tennessee convictions for Class D burglary [Presentence Investigation Report (PSR) ¶ 48; Docs. 79-1, 79-2], aggravated burglary [PSR ¶ 50; Docs. 79-3, 79-4], aggravated assault [PSR ¶ 52; Docs. 79-5, 79-6], and possession of cocaine for resale [PSR ¶ 55; Docs. 79-7], the United States Probation Office deemed Petitioner to be an armed career criminal subject to the ACCA's enhanced fifteen-year mandatory minimum sentence. This Court agreed and sentenced Petitioner to an aggregate sentence of 264 months' incarceration—concurrent 180-month terms for the Hobbs Act robbery and gun offense followed by a consecutive 84-month term for the § 924(c) offense—and five years of supervised release on June 6, 2011 [Doc. 69]. No direct appeal was taken and Petitioner's conviction became final for purposes of § 2255(f)(1) on June 20, 2011, at expiration of time to appeal. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining that an unappealed judgment of conviction becomes final when the fourteen-day period for filing a direct appeal has elapsed).

Before the Court is a collateral challenge to Petitioner's sentence based on the *Johnson* decision [Doc. 76]. While Petitioner initially filed the challenge with the Sixth Circuit, it was transferred to this Court on October 28, 2016 [Doc. 75].

## II. STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v.*

*United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

**III.    ANALYSIS**

The petition asserts a single ground, arguing the *Johnson* decision removed his convictions aggravated burglary, aggravated assault, and possession of cocaine convictions from § 924(e)(2)(B)'s definition of violent felony and that, without those convictions, Petitioner no longer qualifies for ACCA enhancement [Doc. 76]. The United States opposes relief based on the fact that at least three prior convictions qualify as predicates without the residual clause [Doc. 79].[1]

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1) (emphasis added). The provision defines "serious drug offense" as any "offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is

---

[1]    The government attempts to rely on the waiver provision of Petitioner's plea agreement as an alternative, independent basis for denying relief [Doc. 79 pp. 3–5]. While the Court recognizes that Petitioner "knowingly and voluntarily waive[d] the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to collaterally attack the [his] conviction and/or resulting sentence" except in cases that involve "ineffective assistance of counsel or prosecutorial misconduct" [Doc. 51 ¶ 10(b)], it is far from clear that this waiver can be enforced to bar him from challenging his sentence under the circumstances. *See, e.g.*, *United States v. Thompson*, No. 3:06-cr-56, 2008 WL 6506506, at *14 (W.D. Ky. Nov. 7, 2008) (explaining that knowing and voluntary waivers are enforceable so long as they do not result in a miscarriage of justice and that a miscarriage of justice arises where the sentence imposed exceeds the statutory maximum permissible). The Court finds that it need not resolve this dispute here, however, because Petitioner has failed to show that his sentence was imposed in violation of the law.

prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). The Act goes on to define "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). Only the third portion of the above definition—the residual clause—was held to be unconstitutionally vague by the Supreme Court in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did not call into question the remainder of the ACCA's definition of violent felony—the use-of-physical-force and enumerated-offense clauses. *Id.*; *United States v. Priddy*, 808 F.3d 676, 682–83 (6th Cir. 2015). Nor does *Johnson* disrupt the use of a defendant's prior serious drug offenses as an independent form of ACCA predicate conviction. *See, e.g.*, *United States v. Smith*, No. 10-CR-20058, 2015 WL 5729114, at *9–13 (E.D. Mich. Sept. 20, 2015) (noting that *Johnson* does not affect a defendant's categorization as an armed career criminal based on his or her prior serious drug offenses).

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as "serious drug offenses" under § 924(e)(2)(A) or, in the alternative, "violent felonies" under one of the unaffected provisions of § 924(e)(2)(B). *See, e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (denying petition where conviction qualified as a predicate offense independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n. 1 (2016). To determine whether a particular offense qualifies as a violent felony under any of the prongs of the above definition, courts must first identify the precise crime of conviction. *Descamps*, 133 S. Ct. at 2285. They do so by employing

4

a "categorical approach," under which they look "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Id.* at 2283. When the conviction involves violation of a "divisible" statute—one which comprises multiple, alternative versions of the crime—courts resort to the "modified categorical approach" under which they "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 2281.

As an initial matter, the Court notes that two of the three convictions designated as predicate offenses supporting ACCA enhancement were Tennessee convictions for Class D burglary and possession of cocaine. Binding Sixth Circuit precedent makes clear that both offenses remain predicates after the *Johnson* decision; Class D burglary under the enumerated-offense clause, *see United States v. Priddy*, 808 F.3d 676, 685 (6th Cir. 2015) (finding that post-1989 Tennessee Class D burglary is categorically a violent felony under the ACCA's enumerated offense clause),[2] and possession of cocaine as a serious drug offense, under the use-of-physical-force clause, s*ee United States v. Jenkins*, 613 F. App'x 754, 755 (10th Cir. 2015) (deeming the *Johnson* decision "irrelevant" where a defendant's ACCA enhancement stemmed from prior drug offenses). The *Johnson* decision did nothing to impact either of those categorizations.

---

[2] Tennessee revised its burglary statutes on November 1, 1989, as part of the State's comprehensive criminal code revision. *See, e.g.*, *State v. Langford*, 994 S.W. 2d 126, 127–28 (Tenn. 1999). The pre-1989 version of the Tennessee Code criminalized six types of burglary offenses: (1) first-degree burglary, Tenn. Code Ann. § 39-3-401 (1982); (2) breaking after entry, Tenn. Code Ann. § 39-3-402 (1982); (3) second-degree burglary, Tenn. Code Ann. § 39-3-403 (1982); (4) third-degree burglary, Tenn. Code Ann. § 39-3-404(a)(1) (1982); (5) safecracking, Tenn. Code Ann. § 39-3-404(b)(1) (1982); and (6) breaking into vehicles, Tenn. Code Ann. § 39-3-406 (1982). Tennessee law now prohibits only three types of burglary: (1) burglary, Tenn. Code Ann. § 39-14-402 (2016); (2) aggravated burglary, Tenn. Cod e Ann. § 39-14-403 (2016); and (3) especially aggravated burglary, Tenn. Code Ann. § 39-14-404 (2016).

At the time Petitioner committed aggravated assault, Tennessee defined the offense as:

(a) A person commits aggravated assault who:

    (1) Commits an assault as defined in § 39-13-101[3] and;

        (A) Causes serious bodily injury to another; or

        (B) Uses or displays a deadly weapon; or

    (2) Being the parent or custodian of a child or the custodian of an adult, intentionally or knowingly fails or refuses to protect such child or adult from an aggravated assault as defined in subdivision (a).

    (3) After having been enjoined or restrained by an order, diversion or probation agreement of a court of competent jurisdiction from in any way causing or attempting to cause bodily injury or in any way committing or attempting to commit an assault against an individual or individuals, attempts to cause or causes bodily injury or commits or attempts to commit an assault against such individual or individuals.

Tenn. Code Ann. § 39-13-102 (1992).

The statute is divisible because it lists several variants of the offense. *See, e.g.*, *United States v. Cooper*, 739 F.3d 873, 879 (6th Cir. 2014) (recognizing that Tenn. Code Ann. § 39-13-102 "can be offended in a number of ways"). Reference to Petitioner's indictment and state-court judgment make clear that he was convicted of intentionally assaulting another person with use of a deadly weapon, in violation of Tennessee Code Annotated § 39-13-102(a)(1) [Docs. 79-1, 79-2].[4] Because that variant categorically involves the use or threatened use of violent force, *see*

---

[3] Section 39-13-101 defined assault as "(1) intentionally, knowingly, or recklessly causing bodily injury to another; (2) [i]ntentionally or knowingly caus[ing] another to reasonably fear imminent bodily injury; or (3) [i]ntentionally or knowingly caus[ing] physical contact with another and a reasonable person would regard the contact as extremely offensive or provocative." Tenn. Code Ann. § 39-13-101(a) (1992).

[4] Petitioner does not contest the accuracy of the information contained in his PSR, but only the propriety of the Court's decision to use the predicate offenses listed therein as grounds for ACCA enhancement. Regardless, he waived the ability to object to the PSR's factual summaries on collateral review when he failed to do the same at the original sentencing hearing. *See Levy*, 250 F.3d at 1018 (citing *United States v. Ward*, 190 F.3d 483, 492 (6th Cir. 1999)).

Tenn. Code Ann. § 39-11-106(5) (1992) (defining "deadly weapon" as either "a firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury; or . . . [a]nything that in the manner of its use or intended use is capable of causing death or serious bodily injury"); *see also Braden v. United States*, 817 F.3d 926, 933 (6th Cir. 2016) (finding that the intentional deadly-weapon variant of Tennessee aggravated assault is categorically a violent felony under the ACCA's use-of-force clause); *United States v. Arender*, 560 F. App'x 648, 649 (8th Cir. 2014) (finding that a Tennessee aggravated assault conviction based on display of a deadly weapon had "as an element the threatened use of physical force[,] . . . capable of causing pain or injury"), Petitioner's conviction remains a violent felony.

Because at least three prior convictions qualify as violent felonies independent of the now-defunct residual clause, the *Johnson* decision is inapposite to Petitioner's case. As a result, the Court need not determine whether aggravated burglary remains a violent felony as well.

## IV. CONCLUSION

For the reasons discussed above, the § 2255 motion [Doc. 76] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**AN APPROPRIATE ORDER SHALL ENTER.**

                               s/ Thomas W. Phillips
                               SENIOR UNITED STATES DISTRICT JUDGE